**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 6780 |
| | ) | |
| vs. | ) | Judge Nordberg |
| | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| VERONICA. ROSS, Star 11806, | ) | Jury Demand |
| RONALD BALL, Star 13986, | ) | |
| CAROLYN JACKSON, Star 663, and | ) | |
| JANELIA FREEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4.      Plaintiff is a resident of Chicago, Illinois.

5.      At the time of the incident, Defendant-Officers VERONICA ROSS, RONALD BALL, CAROLYN JACKSON, and JANELIA FREEMAN (retired) were duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.      The Defendant-Officers are sued in their individual capacities.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8.      On or about January 11, 2008, at approximately 6:45 p.m., Plaintiff RICE GIBSON was standing at or near 1900 West Madison Street in Chicago.

9.      Plaintiff was talking with his friend Jerry Dixon and another man, known as "Tank."

10.      Plaintiff was approached by Defendant-Officer ROSS who asked Plaintiff if he had any Chicago Blackhawk's tickets.

11.      Plaintiff told ROSS that he had two tickets.

12.      ROSS also began talking to Mr. Dixon, and asked him if he had any tickets.

13.      Mr. Dixon said that he had tickets.

14.      ROSS pulled out her handcuffs and placed one on Mr. Dixon's hand.

15.      Plaintiff began to walk westbound on Madison toward Damen.

16.      Approximately 30 seconds later, ROSS jumped on Plaintiff's back and they fell to the ground.

17.      Plaintiff was seized and not free to leave.

18.      Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19.      Defendants BALL, JACKSON, and FREEMAN approached Plaintiff and ROSS.

20.      Defendants BALL, JACKSON, and FREEMAN lifted Plaintiff off the ground.

21.      Plaintiff was placed in handcuffs.

22.      Plaintiff was searched. Defendants claim that they found a box cutter in his possession and considered it a weapon.

23.      ROSS walked up to Plaintiff and choked him.

24.      BALL, JACKSON, and FREEMAN did not attempt to stop ROSS.

25.      Plaintiff was transported to the 12th District police station.

26.      At the station, ROSS and BALL began preparing the police report for the incident.

27.      Defendants JACKSON, ROSS and BALL then conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

28.      JACKSON called ROSS into the hallway at the station.

2

29.     ROSS returned to the room and told BALL that she had been ordered by JACKSON to charge Plaintiff with felony aggravated battery rather than a misdemeanor.

30.     Plaintiff was charged with felony aggravated battery, resisting arrest, scalping tickets, and unlawful use of a weapon. The case was docketed in the Cook County Circuit Court as: People v. Rice Gibson, 08 CR 0269901.

31.     Plaintiff was transferred to Area 4, Kedzie and Harrison police station.

32.     Plaintiff's case went to trial on June 18, 2008.

33.     Defendants BALL, ROSS, and JACKSON all testified at Plaintiff's criminal trial.

34.     ROSS knowingly lied in her reports and her testimony at Plaintiff's criminal trial, stating that Plaintiff had jumped on her, punched her and kicked her.

35.     On June 19, 2008, Plaintiff was found not guilty on all counts.

36.     Plaintiff was later released from jail.

37.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

38.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress, and pecuniary damages including attorneys' fees.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

39.     Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

40.     The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

41.     Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

42.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

43.     Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

44.     Defendant-Officers instituted charges against Plaintiff for .

45.     There was not probable cause for such charges.

46.     The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

47.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

48.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the  Defendant-Officers' actions.

4

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595